IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAYLA HUMPHRIES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 24-994 |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 2nd day of May, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff is proceeding *pro se* in this case, and *pro se* pleadings are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Holley v. Department of Veterans Affairs*, 165 F.3d 244, 247 (3d Cir. 1999). As such,

the Court has reviewed and considered all of Plaintiff's filings in this case and the issues she has raised therein. It has also construed these documents so as to give Plaintiff's arguments the broadest reading reasonably possible. Nonetheless, it is necessary to clarify the issues before the Court over which it has authority to act.

Much of Plaintiff's argument is based on her claim that she suffered a workplace injury on March 1, 2022, and that since that time she has been unable to perform her previous work as a nurse. However, the ALJ agreed and found that Plaintiff was unable to perform her past relevant work. (R. 31). Rather, she found that there was other work Plaintiff could perform in the national economy based on her age, education, experience, and residual functional capacity ("RFC"). Specifically, she found that Plaintiff could perform the jobs of addressing clerk, order clerk, and sorter/button reclaimer. (R. 31-32). Under the Social Security Act, a disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in ***any*** substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity only if his physical or mental impairment or impairments are of such severity that he is ***not only*** unable to do his previous work but cannot, considering his age, education, and work experience, engage in ***any other*** kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (emphasis added) (quoting 42 U.S.C. § 423(d)(2)(A)). Therefore, it is not enough for Plaintiff merely to argue that she was unable to continue to work as a nurse.

Likewise, Plaintiff repeatedly references the worker's compensation proceedings relating to her March 2022 injury. The issue of whether Plaintiff is disabled under the Social Security Act, though, is distinct from any determination as to whether Plaintiff was entitled to worker's compensation. This is because the analysis as to whether a claimant is disabled for purposes of the Act is different than the analysis under other programs such as worker's compensation. *See Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). Indeed, the Social Security Administration's regulations expressly provide:

> Other governmental agencies and nongovernmental entities – such as the Department of Veterans Affairs, the Department of Defense, the Department of Labor, the Office of Personnel Management, State agencies, and private insurers – make disability, blindness, employability, Medicaid, ***workers' compensation***, and other benefits decisions for their own programs using their own rules. Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules. Therefore, in claims filed (see § 404.614) on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any

2

> benefits. However, we will consider all of the supporting evidence
> underlying the other governmental agency or nongovernmental
> entity's decision that we receive as evidence in your claim in
> accordance with § 404.1513(a)(1) through (4).

20 C.F.R. § 404.1504 (emphasis added). Therefore, it is not relevant what decision was made in connection with any worker's compensation claim raised by Plaintiff; the Court must determine whether substantial evidence supports the ALJ's finding that Plaintiff is not disabled for purposes of Social Security disability.

Moreover, the Court is limited to reviewing the record before it to assure itself that this record adequately supports the ALJ's decision that Plaintiff was not disabled during the relevant time period, *i.e.*, the alleged onset date of April 25, 2022 and the date of the ALJ's decision – December 1, 2023. Whether Plaintiff was disabled during some time other than the relevant period is outside the Court's scope of review. Therefore, the Court cannot consider evidence that was not before the ALJ in its determination of whether or not the ALJ's decision was supported by substantial evidence. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). It also may not consider evidence that does not relate to the relevant period. *See Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984) ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied."). Accordingly, the Court cannot consider evidence submitted by Plaintiff from after December 1, 2023, including the August 13, 2024 functional capacity evaluation, the November 7, 2024 letter from Jennifer Corbelli, M.D., the request for medical evaluation from November 2024, physicians' records and progress notes from July through December 2024, and Office of Vocational Rehabilitation information from August and September 2024. (*e.g.* Doc. Nos. 6, 8, 11, 15 17, 20, 21, 22, 27, 30, 33).

What the Court can do, though, is consider whether this new evidence demonstrates the need for the case to be remanded under Sentence Six of 42 U.S.C. § 405(g), which provides, in relevant part:

> [The court] may at any time order additional evidence to be taken
> before the Commissioner of Social Security, but only upon a
> showing that there is new evidence which is material and that there
> is good cause for failure to incorporate such evidence into the
> record in a prior proceeding.

To remand a case based on new evidence which was not before the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. *See Matthews*, 239 F.3d at 594; *Szubak*, 745 F.2d at 833. Plaintiff cannot meet this burden.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. Nos. 17, 29) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 24) is GRANTED as set forth herein.

s/Mark R. Hornak<br>United States District Judge

ecf:        Counsel of record

cc:         Kayla Humphries
            2806 Shadeland Ave. #3
            Pittsburgh, PA 15212

            Attn: Kayla Humphries
            1015 Jackson Run Road
            North Versailles, PA 15147

---

The Court will assume that the evidence submitted by Plaintiff is "new" in the sense that it is not merely cumulative of what is already in the record. However, none of it is material. As the Court explained, "[a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition," *Szubak*, 745 F.2d at 833; *see also Rainey v. Astrue*, Civ. No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012). The information submitted by Plaintiff is from long after the date of the ALJ's decision and thus, at best, could support only a claim of the subsequent deterioration of her condition. In any event, none of the purported evidence supports an RFC finding more restrictive than that made by the ALJ. Even if timely, therefore, there is not a reasonable possibility that this evidence would have changed the outcome of the determination.

If supported by substantial evidence, the ALJ's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft*, 181 F.3d at 360; *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). Moreover, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). The ALJ here clearly explained how the objective medical evidence, Plaintiff's spotty treatment history, her activities of daily living, and the opinions of the medical experts as to Plaintiff's functional abilities supported her findings. This constitutes substantial evidence, and the Court is not at liberty to draw its own conclusions from the record.

Accordingly, the Court finds that the ALJ applied the proper legal standards and that substantial evidence supports her findings. The Court will therefore affirm.